UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHNTE WARREN #684836,

        Plaintiff,                     Case No. 2:10-cv-343

v.                                       Honorable Gordon J. Quist

CHIPPEWA CORRECTIONAL
FACILITY, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Chippewa Correctional Facility, Corrections Corporation of America, McQuiggin, and Brown. The Court will serve the complaint against Defendants Peterson, Derry, Conners, McDonald, Theut, and Covert.

### Discussion

    I.    Factual allegations

Plaintiff Johnte Warren, a state prisoner, filed this § 1983 civil rights action against Defendants Chippewa Correctional Facility (URF), Corrections Corporation of America, Resident

Unit Officer Unknown Peterson, Assistant Resident Unit Supervisor Arthur Derry, Resident Unit Officer Unknown Conners, Warden G. McQuiggin, Resident Unit Officer Unknown McDonald, Lieutenant M. Brown, Hearing Officer Unknown Theut, and Nurse Supervisor Unknown Covert.

In his complaint, Plaintiff alleges that on November 3, 2010, Defendant Peterson and other staff took a group of eight prisoners to the shower stalls. Plaintiff states that he was sitting on his bed waiting for the first group of inmates to finish showering when Defendant Peterson marked "refusal" on Plaintiff's special housing unit record. Another officer came around and took Plaintiff to the showers without realizing that Defendant Peterson had marked him down as refusing his shower. When Defendant Peterson discovered that Plaintiff had been allowed to shower, he was angry and marked Plaintiff down as refusing his shower on November 5, 2010. Plaintiff states that he requested a grievance form and that Defendant Peterson responded by stating that he and other staff would retaliate against Plaintiff if he filed a grievance by subjecting Plaintiff to false misconduct tickets and having him placed on food loaf. Defendant Peterson wrote a major misconduct ticket on Plaintiff for threatening behavior later that day. Plaintiff was found guilty of the misconduct on November 12, 2010.

Plaintiff claims that Grievance Coordinator M. McLean received his grievance, but delayed filing it until after Defendant Peterson wrote the misconduct ticket, so that it would not look as if Defendant Peterson was retaliating against Plaintiff. Plaintiff contends that Defendant Peterson also promised to retaliate against another prisoner, Martin Solomon #301631, by falsifying misconduct tickets. Plaintiff also asserts that he, prisoner Jones, and prisoner Solomon all received threatening behavior tickets after they filed grievances on Defendant Peterson. Plaintiff contends that prisoners Solomon and Jones were both witnesses on his behalf. Plaintiff states that he was "set up" by Defendant Peterson, who had a plastic spork, packs of salt and pepper, and a styrofoam cup planted in Plaintiff's cell. As a result, Plaintiff was placed on food loaf for failing to return his

2

utensils. Plaintiff alleges that prisoner Solomon witnessed Defendant Conners plant the items in Plaintiff's cell while Plaintiff was in the shower. Plaintiff asserts that Defendant Peterson also had prisoner Jones placed on food loaf for filing grievances.

Plaintiff alleges that Defendant Peterson threatened to have Plaintiff's food trays poisoned. Plaintiff complained to Defendant Derry, who responded that he was fed up with Plaintiff and prisoner Solomon filing all "those goddamn grievances" and that sooner or later Plaintiff would get hungry enough to eat. When Plaintiff asked if Defendant Derry knew about the poison used in Plaintiff's food, he said "you know goddamn well I know about it." This comment was overheard by prisoner Solomon. When Plaintiff told Defendant Covert why he had not been eating, Defendant Covert laughed and said, "you lost weight and your blood pressure is low." Defendant Covert told Plaintiff to return to his unit.

On November 13, 2010, Defendant Peterson wrote a misconduct ticket on Plaintiff for "insolence," claiming that Plaintiff had refused to stop banging on his cell door and that he had called Defendant Peterson a "bitch" and told him to "get the fuck away" from the door. Defendant Theut failed to review Plaintiff's grievances against Defendant Peterson and ignored exculpatory witnesses / evidence in finding Plaintiff guilty of all of the misconduct tickets he received from Defendants. Defendant Theut told Plaintiff that he was friends with Defendant Peterson and that Plaintiff had been found guilty before the hearing even started. Defendant Theut advised Plaintiff to "think twice before" he filed another grievance on Defendant Peterson. Defendant McDonald subsequently wrote Plaintiff a misconduct for disobeying a direct order, telling Plaintiff that since he wanted to follow prisoner Solomon's behavior of writing grievances, he was getting the ticket. Plaintiff later told mental health staff about Defendants' conduct, and was advised to stop filing grievances.

Plaintiff claims that Defendants conspired to violate his constitutional rights. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

4

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff names the Chippewa Correctional Facility (URF) as a Defendant in this action. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). URF is an administrative unit of the Michigan Department of Corrections. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against this Defendant is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). URF is therefore not subject to a section 1983 action.

Plaintiff also names Corrections Corporation of America as a Defendant. However, Plaintiff fails to allege any facts showing that Corrections Corporation of America violated Plaintiff's constitutional rights. In fact, Plaintiff fails to make any allegations against Defendant Corrections Corporation of America in the body of his complaint. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the court will dismiss Plaintiff's claims against Defendant Corrections Corporation of America.

Finally, the court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932

F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants McQuiggin or Brown were personally involved in the activity which forms the basis of his claim. Defendant McQuiggin's only role in this action involves the denial of administrative grievances or the failure to act. Plaintiff alleges no facts to suggest Defendant Brown was personally involved. Defendants McQuiggin and Brown cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants McQuiggin and Brown are properly dismissed for lack of personal involvement.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Chippewa Correctional Facility, Corrections Corporation of America, McQuiggin, and Brown will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Peterson, Derry, Conners, McDonald, Theut, and Covert.

An Order consistent with this Opinion will be entered.


Dated: October 27, 2011                        /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE