UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNTE WARREN,

       Plaintiff,                       Case No.  2:10-cv-343

v.                                               HON. GORDON J. QUIST

CHIPPEWA CORRECTIONAL
FACILITY, *et al.*,

       Defendants.
_____/

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

On August 16, 2012, the Magistrate Judge issued a Report and Recommendation ("R & R") (docket no. 17) recommending that Defendants' Motions for Summary Judgment be granted. Plaintiff, Johnte Warren, has filed an objection to the R & R, to which Defendants have responded. (Docket nos. 18 & 19.)  "The district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After conducting a *de novo* review of the R & R, Plaintiff's objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted, Defendants' motions should be granted, and Plaintiff's complaint should be dismissed.

      A.    **Defendants Theut and Covert**

The R & R recommended dismissing all remaining Defendants because Plaintiff did not exhaust his administrative remedies.  With respect to Defendants Theut and Covert, the R & R also recommended that each be dismissed on another ground – Defendant Covert for lack of personal involvement and Defendant Theut was entitled to absolute immunity.  Plaintiff does not object to

the dismissal of Defendants Theut and Covert on these grounds. Therefore, the R & R will be adopted insofar as it recommends dismissal on these grounds and Defendants Theut's and Covert's motions for summary judgment will be granted.

**B.     All Defendants**

Plaintiff objects to the R & R's finding that Defendants are entitled to summary judgment on the basis that Plaintiff did not exhaust his administrative remedies. In Defendants' motion for summary judgment, they argued that Plaintiff did not properly exhaust his administrative remedies for a single reason: "[Plaintiff] has not filed any Step III grievance appeals." (Docket no. 10 at PageID 142.) The R & R agreed and found that Plaintiff did not administratively exhaust remedies on the sole basis that Plaintiff did not file any Step III appeals.

Plaintiff's objection states:

I tried diligently to exhaust the Administrative Remedies. I kited, (requested) the grievance coordinator at Chippewa, yet I never received the Step II/III forms from the defendants. I was told that I would not get them, so the actions by the defendants purposely denied me access.

(Docket no.18 at 1.) Of course, since Plaintiff did not respond to Defendants' motions for summary judgment, he did not present this argument to the Magistrate Judge.

As a general rule, district courts do not have to consider arguments on review that were not raised before the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) ("The magistrate [] never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver." (citations omitted)); *Becker v. Clermont Cnty. Prosecutor*,

450 F. App'x 438, 439 (6th Cir. 2011) (citing *Murr* and stating that a pro se prisoner's new argument would not be considered "because it was not first presented to the magistrate judge for consideration"), *cert. denied* 132 S. Ct. 1759 (2012); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (stating that a district court has discretion to not consider an argument not presented to the magistrate judge); *Harris v. McQuiggin*, 2011 WL 4572062, at *1 (Sept. 30, 2011). Therefore, this Court declines to address Plaintiff's new argument.

      This Court does not find that compelling reasons exist to consider Plaintiff's objection. First, while pro se litigants are entitled to *some* procedural leeway, Plaintiff had over five months from the time that Defendants filed their second motion for summary judgment until the time the Magistrate Judge issued the R & R – this was ample time to present the one-paragraph argument that Plaintiff now presents in his objection. Second, Plaintiff's objection, which alleges that he tried to exhaust his administrative remedies, is so vague, scant of detail, and unsubstantiated that his contentions are incredulous. Moreover, the detailed records kept by Grievance Coordinator McLean directly controvert Plaintiff's vague assertions. Even taking all inferences in favor of Plaintiff, the evidence is so one-sided that Defendants must prevail as a matter of law on the issue whether Plaintiff administratively exhausted his claims. *See State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (stating that the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law")

      Thus, insofar as the R & R recommends that Plaintiff did not administratively exhaust his remedies, the R & R will be adopted and Defendants' motions for summary judgments will be granted. Therefore,

**IT IS SO ORDERED** that Plaintiff's objection (docket no. 18) is **overruled**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's August 16, 2012, R & R (docket no. 17) is **approved** and **adopted** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (docket nos. 9 & 14) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (docket no. 1) is **dismissed**.


Dated:  August 30, 2012                             /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE